18cv02654 JAH (BGS)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH J. HOFFMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN DIEGO, DAVID MILLER, *Deputy City Attorney*; RICHARDSON GRISWOLD, *Receiver*; and DOES 1-20,<br><br>　　　　　Defendants | Case No.: 18cv02654 JAH (BGS)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## INTRODUCTION

Plaintiff Judith J. Hoffman ("Plaintiff"), proceeding *pro se*, filed a pleading entitled "First Amended Complaint; Petition under 42 U.S.C. § 1983 Civil Rights Action; and Petition for Emergency Injunctive Declaratory Relief" ("FAC"). *Doc. No.* 3. On February 6, 2019, she filed an *ex parte* application for a Temporary Restraining Order ("TRO"). *Doc. No.* 18. After careful consideration and for the reasons set forth below, Plaintiff's application for a TRO and preliminary injunction is DENIED.

## BACKGROUND

On June 14, 2017, the State of California and the City of San Diego ("City") filed an action against Judith J. Hoffman ("Hoffman" or "Plaintiff") alleging numerous code violations; including insect and vermin infestation, improper maintenance, accumulation

of debris and garbage, public nuisance, poor electrical wiring, and inadequate exit facilities in violation of state and local law. *Doc. No. 18* at 14 – 31. Plaintiff was identified as the "Responsible Person" and owner of the substandard property at issue. *Id*. at 15. Alleging in the complaint that the conditions at the property are so extensive as to endanger the health and safety of Hoffman and the public, the State of California and the City requested the appointment of a receiver and a permanent injunction prohibiting Hoffman from maintaining or using the property. *Id*. at 21-23. Since commencement of the action, Richardson Griswold was appointed as receiver and has moved for authorization to sell the property to recover expenses[1]. *Doc. No.* 11-1, at 1, 2. On November 13, 2018, the court authorized the Griswold to list plaintiff's property for sale. *Id*. The remaining causes of action for violations of the California Civil Code and San Diego Municipal Code are set for trial on July 19, 2019. *Doc. Nos*. 18 at 62, 70.

On November 20, 2018, Hoffman, proceeding *pro se*, filed a pleading entitled "First Amended Complaint; Petition under 42 U.S.C. § 1983 Civil Rights Action; and Petition for Emergency Injunctive Declaratory Relief" ("FAC"). *Doc. No*. 3. In the prayer for relief, Plaintiff requests the issuance of "an extraordinary…TRO to protect Plaintiff's right to trial and ensure constitutional protections, guarantees, rights, and privileges and or immunities are protected." *Doc. No*. 3. In addition, she asks this Court to issue a stay against the State of California and the City of San Diego to prevent the sale of her property.

Shortly after summons were issued, the case was reassigned to this Court pursuant to Local Rule 40.1. *Doc. No*. 5. Summons were returned executed and Defendants promptly filed motions to dismiss Plaintiff's FAC. *See Doc. Nos*. 10-12. Defendant Griswold filed a motion to dismiss for lack of jurisdiction, joined by the City and Deputy City Attorney, David Miller ("Miller") (collectively referred to as "City Defendants"). *Doc. Nos*. 10, 12. City Defendants also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *Doc. No.* 11.

---

[1] The State court's order granting appointment of a receiver was affirmed on appeal. *See Doc. No*. 18 at 62-63.

2

18cv02654 JAH (BGS)

On February 6, 2019, Plaintiff filed an Ex Parte Emergency Application for a Temporary Restraining Order. Plaintiff discusses the ongoing civil suit while referencing various legal principles applicable to criminal cases, such as "double jeopardy" and the "Blockburger test." She refers to the state action as a "malicious prosecution" and asserts that the State, local government, and receiver have employed an abusive and unconstitutional exercise of authority. Plaintiff argues that the government's "nuisance" allegation is unconstitutionally vague, her freedom of expression is being infringed upon, and contends generally that the assertions alleged in the complaint are false and unfounded. She petitions this Court for an extraordinary TRO to "protect evidence of the abuse of authority," to "ensure constitutional protections," and for issuance of a stay to impede further government action against her.

## DISCUSSION

Pursuant to 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts should abstain from granting injunctive relief that would interfere with state judicial proceedings, criminal or civil). The ongoing state-court proceedings afford Plaintiff an adequate opportunity to raise her constitutional claims. *See Moore v. Sims*, 442 U.S. 415, 430 (1979).

Accordingly, the Court lacks jurisdiction to grant the relief requested. Plaintiff's application for a Temporary Restraining Order and Preliminary Injunction is DENIED.

DATED: February 11, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE