| | |
|---|---|
| JUDITH J. HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, DAVID MILLER, *Deputy City Attorney*; RICHARDSON GRISWOLD, *Receiver*; and DOES 1-20,<br><br>    Defendants | Case No.: 18cv02654 JAH (BGS)<br><br>**ORDER**<br>**1. GRANTING DEFENDANTS CITY OF SAN DIEGO, DAVID MILLER AND RICHARDSON GRISWOLD'S MOTIONS TO DISMISS**<br>**[DOC. NOS. 10, 12]**<br><br>**2. DENYING PLAINTIFF'S MOTION TO RECONSIDER** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

## INTRODUCTION

On March 4, 2019, this matter came before the Court for motion hearings on (1) Defendant Richard Griswold's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) (Doc. No. 10); and (2) Deputy City Attorney David Miller and City of San Diego's (collectively referred to as "City Defendants") Motion to Dismiss pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). (Doc. No. 11). For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss on abstention grounds and DENIES Plaintiff's oral motion to reconsider the Court's order denying her *ex parte* application for a Temporary Restraining Order ("TRO").

1

## BACKGROUND

On June 14, 2017, the State of California and the City of San Diego ("City") filed an action in state court against Judith J. Hoffman ("Hoffman" or "Plaintiff") alleging numerous code violations; including insect and vermin infestation, improper maintenance, accumulation of debris and garbage, public nuisance, poor electrical wiring, and inadequate exit facilities in violation of state and local law. *Doc. No. 18* at 14-31. Plaintiff was identified as the "Responsible Person" and owner of the substandard property at issue. *Id.* at 15. Alleging in the complaint that the conditions at the property are so extensive as to endanger the health and safety of Hoffman and the public, the State of California and the City requested the appointment of a receiver and a permanent injunction prohibiting Hoffman from maintaining or using the property. *Id.* at 21-23. The City applied, *ex parte*, for appointment of Receiver Richardson Griswold, which the court granted.[1] *Doc. No.* 11-1, at 1, 2. On November 13, 2018, the court authorized Griswold to list Plaintiff's property for sale to recover expenses. *Id.* The two remaining causes of action for violations of civil and municipal codes are set for trial on July 19, 2019. *Doc. Nos*. 18 at 62, 70.

On November 20, 2018, Hoffman, proceeding *pro se*, filed a civil rights action pursuant to 42 USC §1983 against Deputy City Attorney Miller and appointed Receiver Griswold in District Court for the Southern District of California. *Doc. No*. 1. On November 28, 2018, Plaintiff filed an amended pleading entitled "First Amended Complaint; Petition under 42 U.S.C. § 1983 Civil Rights Action; and Petition for Emergency Injunctive Declaratory Relief" ("FAC"), and added the City of San Diego as a Defendant. *Doc. No*. 3. In the prayer for relief, Plaintiff requests the issuance of "an extraordinary…TRO to protect Plaintiff's right to trial and ensure constitutional protections, guarantees, rights, and privileges and or immunities are protected." *Doc. No*.

---

[1] The State court's order granting appointment of a receiver was affirmed on appeal. *See Doc. No*. 18 at 62-63.

3. In addition, she asks this Court to issue a stay against the State of California and the City of San Diego to prevent the sale of her property and any other such relief the Court deems appropriate.

Shortly after summons were issued, the case was reassigned to this Court pursuant to Local Rule 40.1. *Doc. No.* 5. Summons were returned executed and Defendants filed the instant motions to dismiss Plaintiff's FAC. *See Doc. Nos*. 10-12. Plaintiff filed a non-responsive pleading discussing the merits of the underlying state court action and again requesting the issuance of a TRO and injunction - without regard to the jurisdictional or abstention issues raised by Defendants. *Doc. No*. 15. On February 07, 2019, Plaintiff filed a "Second *Ex Parte* Emergency Motion Petitioning for a Temporary Restraining Order…." On February 11, 2019, this Court issued an Order denying Plaintiff's *ex parte* application pursuant to 28 U. S. C. §2283 and on abstention grounds. *Doc. No*. 19.

At the hearing on Defendants' motions to dismiss, Plaintiff presented her response to the Court. The Court reviewed Plaintiff's filing on the on record, and construed it as a motion to reconsider the Court's February 11, 2019 order denying the TRO. The Court now addresses Defendants' motions to dismiss and Plaintiff's motion to reconsider.

## DISCUSSION

### I. MOTIONS TO DISMISS

#### A. FRCP 12(b)(1): Subject-Matter Jurisdiction

Pursuant to Rule 12(b)(1), a party may move to dismiss based on the court's lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If jurisdiction is lacking, the dismissing court is deprived of any power to adjudicate the merits of the case. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (citing *Wages v. I.R.S*., 915 F.2d 1230, 1234 (9th Cir. 1990). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual". *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack challenges the allegations as insufficient on

3

their face to invoke federal jurisdiction. *Id*. In civil rights cases, where a litigant appears *pro se*, the court must construe the pleadings liberally and afford the litigant the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

A plaintiff properly invokes federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A suit does not invoke the jurisdiction of a federal court if the claims alleged are "made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Id*. (quoting *Bell v. Hood*, 327 U.S. 678, 682–83). However, "a complaint that makes a claim, that if true, would provide a basis on which a federal court could grant… relief, but is later shown …to have no merit, nevertheless successfully invokes federal jurisdiction". *Carter v. Homeward Residential, Inc*., 794 F.3d 806, 807 (7th Cir. 2015). In simpler terms, even a weak claim deserves dismissal on the merits.

Plaintiff alleges that Defendants have infringed upon her rights, protections, privileges and immunities as guaranteed by the U.S. Constitution. The Complaint alleges Defendants, acting under color of law, "willfully violate[d] Plaintiff's Constitutional right to privacy and right to self-expression…." In Count one, two, and six, Plaintiff alleges "Defendants ….conspired to…subject Plaintiff to cruel and unusual [punishment]" by commandeering her private residence and issuing unreasonable fines. In Counts three and five, Plaintiff asserts a Fourteenth amendment violation for deprivation of property without due process and Count four of the FAC alleges Defendants "abridge[d] Plaintiff's Fourth Amendment rights through the wrongful removal of her personal property without inventory…." Plaintiff asserts each cause of action against Receiver Griswold and City Defendants.

Defendant Griswold argues that this Court lacks subject-matter jurisdiction over causes of action against him, as a court-appointed receiver, under the *Barton* Rule. *Barton v. Barbour,* 104 U.S. 126 (1881). The Supreme Court in *Barton* held that federal courts are without jurisdiction to entertain suits against receivers without permission from the

4

appointing court. *Id*. Although Plaintiff fails to address the jurisdictional issues in her response, the Court finds that the statutory exception to *Barton* set out in 28 U.S.C. § 959(a)[2] applies here, refuting Griswold's argument.

Nonetheless, the Court must be satisfied that the allegations in Plaintiff's FAC are sufficient on their face to invoke federal jurisdiction. Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). Although City Defendants argue Plaintiff's allegations fall short of the pleading requirements set forth under Rule 8, they concede that "dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," citing *McHenry v. Renne,* 84 F. 3d 1172, 1179 (9th Cir. 1996). "The failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). As in *Bell*, this Court cannot say that the claims are so devoid of merit as to justify dismissal for want of jurisdiction. *Id*. at 683. The Court finds Plaintiff's allegations meet the minimum requirements necessary to invoke the jurisdiction of this Court.

### B. Abstention

Even when federal jurisdiction has been invoked, federal courts may decline to exercise jurisdiction, "where abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 716 (1996) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Federal courts may refrain from hearing cases that would interfere with state criminal, or certain

---

[2] Section 959(a) provides that trustees, receivers or managers of any property, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. 28 U.S.C. §959(a).

civil, proceedings. *Id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971) (criminal proceedings); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (civil proceeding)).

Defendants Giswold, Miller, and The City argue that the *Younger* doctrine necessitates dismissal of Plaintiff's complaint. The *Younger* doctrine requires a federal court to abstain "if the state proceedings are (1) ongoing (2) implicate important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims." *San Remo Hotel v. City & Cty. of San Francisco,* 145 F.3d 1095, 1103 (9th Cir. 1998). All three criteria for abstention under *Younger* are met here. Plaintiff has an upcoming trial date set in the state court action. In addition, the state interests implicated in this public nuisance action are of the utmost importance. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (197) (comparing the state's interest in a nuisance case to that of a criminal proceeding). The Supreme Court in *Huffman* held that federal intervention in state initiated nuisance-proceedings is disruptive of the State's efforts to protect interests which it deems important and "deprives the States of a function which quite legitimately is left to them." *Id.* at 609 (1975).

> A civil litigant may, of course, seek review in this Court of any federal claim properly asserted in and rejected by state courts. Moreover, where a final decision of a state court has sustained the validity of a state statute challenged on federal constitutional grounds, an appeal to this Court lies as a matter of right. 28 U.S.C. s 1257(2)...we conclude that [plaintiff] should not be permitted the luxury of federal litigation of issues presented by ongoing state proceedings, a luxury which, as we have already explained, is quite costly in terms of the interests which *Younger* seeks to protect.

*Id.* at 605-06. Plaintiff has adequate opportunity to raise her constitutional claims before the state court, and if necessary on appeal. To the extent Plaintiff has already appealed the court's order granting appointment of receiver, she may petition the California Supreme Court for review. As in *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), Plaintiff "desire[s] wholesale federal intervention into an ongoing state [action]. [She] seeks vacation of existing…orders, and a federal injunction directing the future course of the state litigation." This is an improper use of the federal court.

6

## II. MOTION FOR RECONSIDERATION

Under the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

In light of the Court's reasoning in the order denying Plaintiff's *ex parte* emergency motion for a TRO , and the discussion above on Defendants' motions to dismiss, the Court finds no clear error has been committed. Plaintiff has neither presented new evidence nor any intervening change in the law. Plaintiff's motion to reconsider is DENIED.

## CONCLUSION

Based on the foregoing, the Court finds abstention is appropriate and therefore declines to address Defendants' motions on the merits.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reconsider the Court's February 11, 2019 Order denying the *ex* parte Emergency Application for a TRO is DENIED.
2. Defendants' motions to dismiss [doc. nos. 10, 11] are GRANTED on abstention grounds.
3. Plaintiff's First Amended Complaint [doc. no. 3] is DISMISSED in its entirety as to all Defendants without prejudice.

DATED: March 8, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

7

18cv02654 JAH (BGS)